UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marquavius De-Mon McGriff,<br>Plaintiff,<br><br>v.<br><br>Nikita Jeremiah Covington, Ryder Truck Rental, Inc., Ceva Logistics U.S., Inc., Ceva Freight, LLC, Ceva International Inc., and Ceva U.S. Holdings, Inc.,<br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

Plaintiff, for his Complaint against Defendants, states and alleges as follows:

## NATURE OF CLAIM

1. This is an auto liability action arising out of a motor vehicle collision in Chesterfield County, South Carolina for personal injury caused by negligent acts or omissions of one or more of the Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction in this matter is based on diversity of citizenship, 28 U.S.C. § 1332(a)(1) and (c).

3. Venue is proper in the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 1391, in that a civil action may be brought in the judicial district in which a substantial part of the events or omissions giving rise to claim occurred.

## PARTIES

4. Plaintiff **Marquavius De-Mon McGriff** ("**McGriff**") is a citizen and resident of Union County, North Carolina.

5. Upon information and belief, **Defendant Nikita Jeremiah Covington** ("**Covington**") is a citizen and resident of Marlboro County, South Carolina.

6. Upon information and belief, **Defendant Ryder Truck Rental Inc**. is a corporation organized and existing within the State of Florida, which is a truck rental company in the business of interstate commerce and is authorized to do business on a regular basis within South Carolina and throughout the United States.

7. Upon information and belief, **Defendant CEVA Logistics U.S., INC**. is a corporation organized and existing within the State of Delaware, which is a trucking company in the business of interstate commerce and is authorized to do business on a regular basis within South Carolina and throughout the United States.

8. Upon information and belief, **Defendant CEVA Freight, LLC** is a corporation organized and existing within the State of Delaware, which is a trucking company in the business of interstate commerce and is authorized to do business on a regular basis within South Carolina and throughout the United States.

9. Upon information and belief, **Defendant CEVA International Inc.** is a corporation organized and existing within the State of Delaware, which is a trucking company in the business of interstate commerce and is authorized to do business on a regular basis within South Carolina and throughout the United States.

10. Upon information and belief, **Defendant CEVA U.S. Holdings, Inc**. is a corporation organized and existing within the State of Delaware, which is a trucking company in the business of interstate commerce and is authorized to do business on a regular basis within South Carolina and throughout the United States.

11. The parties, subject matter, and all things are matters herein alleged are within the jurisdiction of this Court based upon the provisions of the Code of Laws of South Carolina, § 36-2-803, as amended, commonly known as the long arm statute.

## FACTUAL ALLEGATIONS

12. On January 1, 2021, at approximately 7:00 a.m., Plaintiff McGriff was operating a 2000 Freightliner Truck ("**2000 FRHT**") owned by Forester Trucking Inc. traveling South on US 601 in Chesterfield County, South Carolina.

13. At or about the same time, Defendant Covington was operating a 2019 Freightliner Truck ("**2019 FRHT**") owned by Defendant Ryder Truck Rental Inc. ("**Ryder**") traveling North on US 601 in Chesterfield County, South Carolina

14. At or about the same time, Plaintiff McGriff was operating the 2000 FRHT in a lawful manner, when suddenly and without warning and with willful and wanton disregard for the rights and safety of Plaintiff McGriff and other motorists, Defendant Covington crossed the center line and collided with the vehicle operated by Plaintiff McGriff.

15. At all times complained of, Defendant Covington was an employee, agent, or servant of one or more of Defendant CEVA Logistics U.S., INC., Defendant CEVA Freight, LLC, Defendant CEVA International Inc., and/or Defendant CEVA U.S. Holdings, Inc. (hereinafter collectively referred to as "**Defendants CEVA**") and was acting in the course and scope of his employment with one or more of Defendants CEVA as a driver and operator of the 2019 FRHT.

16. As a result of the incident, Plaintiff McGriff suffered physical injuries to his back and shoulder, and other consequential damages and costs.

17. At all times prior to and at the time of the collision, Plaintiff McGriff acted in a prudent and reasonable manner and in no way contributed to this collision.

**FOR A FIRST CAUSE OF ACTION**
**NEGLIGENCE/GROSS NEGLIGENCE**
**(against Defendant Covington)**

18. Plaintiff reiterates and realleges each and every allegation set forth above as if fully repeated herein.

19. At said time and place, Defendant Covington was driving in a willful, wanton, reckless, negligent, and grossly negligent manner in the following particulars, to wit:

    a. In driving and operating the commercial vehicle upon a public highway in a careless and reckless manner and in willful and wanton disregard for the safety of others;

    b. In failing and omitting to keep a sharp and careful lookout and to be attentive while operating a motor vehicle under the circumstances then and there prevailing;

    c. In failing to use due care and caution;

    d. In failing to drive upon the right half of the roadway, in violation of the Code of Laws of South Carolina, Section 56-5-1810, as amended;

    e. In failing to drive as nearly as practicable entirely within a single lane and not moving from the lane until first ascertaining that such movement can be made with safety, in violation of the Code of Laws of South Carolina, Section 56-5-1900, as amended;

    f. In failing to drive a speed that is reasonable and prudent under the conditions and so as to avoid colliding with another vehicle, in violation of the Code of Laws of South Carolina, Section 56-5-1520(A), as amended;

    g. In failing to obey traffic laws, in violation of the Code of Laws of South Carolina, Section 56-5-730, 1976, as amended;

    h. In failing and neglecting to keep the vehicle under proper control or so to control the same as to have avoided the collision;

    i. In failing to ensure that the vehicle was equipped with good and sufficient brakes or if so equipped, in failing to properly utilize them in violation of the Code of Laws of South Carolina, Sections 56-5-4870 and 56-5-5310, 1976, as amended;

j.  In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of the Code of Laws of South Carolina, Sections 56-5-5040 and 56-5-5310, 1976, as amended;

k.  In driving and operating said vehicle upon a public highway in the State of South Carolina without exercising the degree of care, caution and prudence in the operation of said vehicle that a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing;

l.  In recklessly operating a vehicle in violation of the Code of Laws of South Carolina, Section 56-5-2920, 1976, as amended;

m.  In operating a commercial motor vehicle while the driver's ability and alertness is impaired through fatigue, illness, or any other cause as to make it unsafe to begin or continue to operate the commercial vehicle in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.3;

n.  In operating a commercial motor vehicle without inspecting the vehicle parts and accessories to ensure they were operating in good working order, in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.7;

o.  In failing to have required knowledge of and implement safe operations regulations contained in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(a) such as motor vehicle inspection, repair, maintenance requirements, procedures for safe vehicle operations, the effects of fatigue, poor vision, hearing, and general health upon safe commercial motor vehicle operation and the effects of alcohol and drug use upon safe commercial motor vehicle operations;

p.  In failing to have knowledge of and implement the proper use of the motor vehicle's safety control systems as set out in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(b), including lights, horns, side and rear-view mirrors, proper mirror adjustments, brakes, etc.;

q.  In failing to perform a safe visual search as required and described in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(5);

r.  In failing to have knowledge of and implement basic control measures regarding the commercial truck he was operating as described in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(2);

s.  In failing to have knowledge of and implement hazard perception and clues for recognition of hazards as required in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(11);

    t.  In failing to have knowledge of and implement emergency maneuvers and the basic information concerning when and how to make emergency maneuvers as required in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(12);

    u.  In failing to possess and demonstrate basic vehicle control skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 383.113(a);

    v.  In failing to possess and demonstrate safe driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(b);

    w.  In failing to possess and demonstrate adequate driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(2);

    x.  In failing to operate the commercial motor vehicle in accordance with the laws, ordinances and regulations of the State of South Carolina, also in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.2; and

    y.  In any other such manner of negligently operating a commercial motor vehicle as may be revealed through discovery in this case.

20. All of which were in violation of the statutes, common laws and regulations of these United States and the State of South Carolina, in such cases made and provided, and all of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff McGriff.

21. As a direct and proximate result of Defendant Covington's willful, wanton, reckless, negligent and grossly negligent conduct the incident occurred, causing Plaintiff McGriff to sustain serious injuries.

22. As a direct and sole consequence of Plaintiff's injuries, Plaintiff has incurred expenses for medical care and other consequential damages and costs. Plaintiff has suffered physical and emotional pain, and this pain will continue to impair Plaintiff in the future. Plaintiff has suffered lost wages and has had to endure pain and suffering, resulting in the loss of enjoyment of life, and the pain and suffering will continue to impair Plaintiff.

**FOR A SECOND CAUSE OF ACTION**
**NEGLIGENCE/GROSS NEGLIGENCE/RESPONDEAT SUPERIOR**
**(against Defendants CEVA)**

23. Plaintiff reiterates and realleges each and every allegation set forth above as if fully repeated herein.

24. At said time and place, Defendants CEVA, as the employer, principal or superior of Defendant Covington, was acting in a willful, wanton, reckless, negligent, and grossly negligent manner in the following particulars, to wit:

a. In failing to ensure that the vehicle was equipped with good and sufficient brakes or if so equipped, in failing to properly utilize them in violation of the Code of Laws of South Carolina, Sec. 56-5-4870 and Sec. 56-5-5310, 1976, as amended;

b. In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of the Code of Laws of South Carolina, Sec. 56-5-5040 and Sec. 56-5-5310, 1976, as amended;

c. In failing to ensure the vehicle was maintained in proper working order as to not allow the vehicle to be operated while a defect could pose a hazard to the traveling public;

d. In failing to ensure that Defendant Covington would exercise proper care in the operation of that vehicle;

e. In allowing Defendant Covington to operate a commercial motor vehicle in a manner, which was unsafe under the circumstances then and there prevailing;

f. In allowing Defendant Covington to recklessly operate a commercial motor vehicle;

g. In failing to properly train Defendant Covington to carry out the duties of his employment;

h. In failing to properly supervise Defendant Covington as he carried out the duties of his employment;

i. In failing to ensure that Defendant Covington knew how to and would drive the commercial vehicle upon a public highway in the State of South Carolina with the degree of care, caution, and prudence in the driving and operating of that vehicle that a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing;

j. In allowing Defendant Covington to drive and operate the commercial vehicle upon a public highway in a careless and reckless manner and in willful and wanton disregard for the safety of others;

k. In allowing Defendant Covington to fail and omit to keep a sharp and careful lookout and to be attentive while operating a motor vehicle under the circumstances then and there prevailing;

l. In allowing Defendant Covington to fail to use due care and caution;

m. In failing to ensure Defendant Covington properly loaded the cargo on the Defendant vehicle;

n. In allowing Defendant Covington to recklessly operate their vehicle in violation of the Code of Laws of South Carolina, Sec. 56-5-2920, 1976, as amended;

o. In failing to ensure Defendant Covington possessed and demonstrated basic vehicle control skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 383.113(a);

p. In failing to ensure Defendant Covington possessed and demonstrated safe driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(b);

q. In failing to ensure Defendant Covington possessed and demonstrated adequate driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(2);

r. In failing to ensure Defendant Covington would operate the commercial motor vehicle in accordance with the laws, ordinances and regulations of the State of South Carolina, also in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.2;

s. In failing to demonstrate that it implements adequate safety management controls in place, which function effectively to ensure acceptable compliance with applicable safety requirements in violation of the Code of Federal Regulations and the South Carolina Code of Laws applicable hereto;

t. In hiring and using unqualified drivers for their commercial motor vehicle job duties in violation of the Code of Federal Regulations, Chapter 49, Section 385.5(c);

u. In failing to require their drivers to comply with all additional State and local laws relating to safety in violation of the Code of Federal Regulations, Chapter 49, Section 390.9;

v. In failing in their duty to ensure that commercial motor carrier drivers observe all duties required by law in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 390.111;

w. In failing to ensure that by reason of experience, training, or both, Defendant Covington could safely operate the type of commercial motor vehicle that he drives, as required by Title 49, Chapter 111, Part 391, Section 391.11(b)(3);

x. In failing to ensure that Defendant Covington possessed the required knowledge of and implemented safe operations regulations contained in the Code of Federal Regulations, Chapter 49 for safe commercial motor vehicle operations;

y. In failing to ensure that Defendant Covington would perform a safe visual search as required and described in the Code of Federal Regulations, Chapter 49, Section 383.111(c)(5);

    z. In failing to ensure that Defendant Covington had knowledge of and implemented basic control measures regarding the commercial truck he was operating as described in the Code of Federal Regulations, Chapter 49, Section 383.111(c)(2); and

    aa. In any other such manner of negligently operating a commercial motor vehicle as may be revealed through discovery in this case.

25. The negligence of Defendants CEVA as set out above was the proximate cause of Plaintiff's injuries and other consequential damages and costs.

26. Such acts by Defendants CEVA were the proximate cause of Plaintiff's injuries, medical expenses and other consequential damages and costs and such acts were wanton, willful, reckless, negligent and grossly negligent, and such acts were without regard for the safety of Plaintiff and others on the public highways.

27. As a direct and sole consequence of Plaintiff's injuries, Plaintiff has incurred expenses for medical care and other consequential damages and costs. Plaintiff has suffered physical and emotional pain, and this pain will continue to impair Plaintiff in the future. Plaintiff has suffered lost wages and has had to endure pain and suffering, resulting in the loss of enjoyment of life, and the pain and suffering will continue to impair Plaintiff.

### FOR A THIRD CAUSE OF ACTION
### FAILURE TO SUPERVISE/TRAIN
### (against Defendants CEVA)

28. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

29. Defendants created the hazardous condition caused by the defendant's negligence in crossing the center line and crashing into the Plaintiff and it caused a dangerous condition for the general public and the Plaintiff.

30. The Plaintiff was injured due to the negligence of the Defendants' employee.

31. Defendants owed to the Plaintiff a duty of reasonable care.

32. Defendants' employee crashed into the Plaintiff with no warnings.

33. Defendants, through the use of reasonable care, could have prevented the injuries to Plaintiff.

34. At all times herein, Defendants owed the Plaintiff a duty of care to keep the premises in a safe condition, to train and supervise its employees adequately, to warn of or eliminate unreasonable risk on the premises.

35. That the Defendants by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

    a.  In allowing their employees to turn without warning and crash into the Plaintiff;

    b.  In failing to properly train or supervise its employees to act as to not be a danger to members of the public thereon;

    c.  In failing to walk properly to avoid crashing into the Plaintiff;

    d.  In failing to warn the Plaintiff of sudden movements which it knew or should have known existed;

    e.  In then and there failing to give notice to invitees of the presence of dangerous conditions;

    f.  In failing to take proper precautions to ensure that there existed no unreasonably dangerous conditions on the premises;

    g.  In failing to keep the premises in a reasonably safe condition for business invitees who may be present thereon;

    h.  In failing to exercise the degree of care, caution and prudence a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing.

36. Such acts by the Defendant were the proximate cause of Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of the public and individuals on the premises, including the Plaintiff.

37. As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs. The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

## FOR A FOURTH CAUSE OF ACTION
## FAILURE TO MAINTAIN/ NEGLIGENT ENTRUSTMENT
## (against Defendants CEVA)

38. Plaintiff reiterates and realleges each and every allegation set forth above as if fully repeated herein.

39. At all times herein, Defendants CEVA entrusted the vehicle to Defendant Covington, when they knew or should have known of his dangerous propensities and of his incompetence to drive a motor vehicle.

40. At all times herein, Defendants CEVA entrusted the vehicle to Defendant Covington, failing to ensure that he would exercise proper care in the operation of that vehicle.

41. At said time and place Defendants CEVA were acting in a willful, wanton, reckless, negligent and grossly negligent manner in the following particulars, to wit:

    a. In failing to ensure that the vehicle was equipped with good and sufficient brakes in violation of the Code of Laws of South Carolina §56-5-4870 and §56-5-5310;

    b. In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of the Code of Laws of South Carolina §56-5-5040 and §56-5-5310;

    c. In failing to act as a prudent owner of the vehicle and negligently entrusting their vehicle to Defendant Covington whom they knew or should have known would not drive the vehicle in a safe manner;

    d. At all times herein Defendants CEVA knew there was a great likelihood that Defendant Covington would be negligent in the operation of this vehicle; and

    e. Defendants CEVA possessed a duty to recognize the existence of unreasonable risk of harm to others through Defendant Covington's negligence.

42. As a direct and proximate result of Defendants CEVA's willful, wanton, reckless, negligent and grossly negligent conduct, a collision occurred causing Plaintiff to sustain physical injury and great emotional upset and distress.

43. Defendants CEVA possessed a duty to recognize the existence of unreasonable risk of harm to others through Defendant Covington's negligence.

44. As a direct and proximate result of the Defendants CEVA's willful, wanton, reckless, negligent and grossly negligent conduct, Plaintiff sustained serious and permanent injury.

45. As a direct and sole consequence of Plaintiff's injuries, Plaintiff has incurred expenses for medical care and other consequential damages and costs. Plaintiff has suffered physical and emotional pain, and this pain will continue to impair Plaintiff in the future. Plaintiff has suffered lost wages and has had to endure pain and suffering, resulting in the loss of enjoyment of life, and the pain and suffering will continue to impair Plaintiff.

## FOR A FIFTH CAUSE OF ACTION
## NEGLIGENCE/GROSS NEGLIGENCE
### (against Defendant Ryder)

46. Plaintiff reiterates and realleges each and every allegation set forth above as if fully repeated herein.

47. At said time and place, Defendant Ryder, as the owner of the vehicle operated by Defendant Covington, was acting in a willful, wanton, reckless, negligent, and grossly negligent manner in the following particulars, to wit:

    a. In failing to ensure that the vehicle was equipped with good and sufficient brakes or if so equipped, in failing to properly utilize them in violation of the Code of Laws of South Carolina, Sec. 56-5-4870 and Sec. 56-5-5310, 1976, as amended;

    b. In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of the Code of Laws of South Carolina, Sec. 56-5-5040 and Sec. 56-5-5310, 1976, as amended;

    c. In failing to ensure the vehicle was maintained in proper working order as to not allow the vehicle to be operated while a defect could pose a hazard to the traveling public;

    d. In failing to demonstrate that it implements adequate safety management controls in place, which function effectively to ensure acceptable compliance with applicable safety requirements in violation of the Code of Federal Regulations and the South Carolina Code of Laws applicable hereto; and

    e. In any other such manner of negligently maintaining a commercial motor vehicle as may be revealed through discovery in this case.

48. The negligence of Defendant Ryder as set out above was the proximate cause of Plaintiff's injuries and other consequential damages and costs.

49. Such acts by Defendant Ryder were the proximate cause of Plaintiff's injuries, medical expenses and other consequential damages and costs and such acts were wanton, willful, reckless, negligent and grossly negligent, and such acts were without regard for the safety of Plaintiff and others on the public highways.

50. As a direct and sole consequence of Plaintiff's injuries, Plaintiff has incurred expenses for medical care and other consequential damages and costs. Plaintiff has suffered physical and emotional pain, and this pain will continue to impair Plaintiff in the future. Plaintiff has suffered lost wages and has had to endure pain and suffering, resulting in the loss of enjoyment of life, and the pain and suffering will continue to impair Plaintiff.

51. By reason of the foregoing, Plaintiff has been damaged in such an amount as the trier of fact may find.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, each of them, in such an amount of actual damages, punitive damages, legal fees, costs of this action and any other relief this Honorable Court deems just and proper.

**WIGGER LAW FIRM, INC.**

**s/ Jarrel L. Wigger**
Jarrel L. Wigger, Esquire
(Fed. ID #: 6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Ste. A
N. Charleston, SC  29406
(843) 553-9800
Email: jwigger@wiggerlawfirm.com

North Charleston, South Carolina
This **21st** of **December** 2023.